SID WOLINSKY (SBN 33716)
KEVIN KNESTRICK (SBN 229620)
DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
Telephone: (510) 451-8644
Facsimile: (510) 451-8511
TTY: (510) 451-8716

STEPHEN RONFELDT (SBN 41044)
The Public Interest Law Project
449 15th Street, Suite 301
Oakland, California 94612
Telephone: (510) 891-9794 Ext. 127
Facsimile: (510) 891-9727

ROBERT D. NEWMAN (SBN 86534)
RICHARD A. ROTHSCHILD (SBN 67356)
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211 Ext.19
Facsimile: (213) 487-0242

MARIA FOSCARINIS
REBECCA TROTH
National Law Center
on Homelessness & Poverty
1411 K Street NW, Suite 1400
Washington DC 20005
Telephone: (202) 638-2535
Facsimile: (202) 628-2737
Attorneys for Plaintiffs

RICHARD E. WINNIE (SBN 68048)
JASON F. LAUREN (SBN 115015)
DONNA R. ZIEGLER (SBN 142415)
Office of the County Counsel,
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612-4296
Telephone: (510)272-6700

Attorneys for Defendants,
County of Alameda, et al.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SANTOS, DIANE QUALLS, and REBECCA JOHNSON, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>COUNTY OF ALAMEDA, BOARD OF SUPERVISORS OF ALAMEDA COUNTY, ALAMEDA COUNTY SOCIAL SERVICES AGENCY, and CHET HEWITT, in his capacity official capacity as Director of the Alameda County Social Services Agency; and DOES 1-10, inclusive,<br>Defendants. | Case No. C04-02725 (JCS)<br><br>**SETTLEMENT AGREEMENT AND STIPULATED ORDER** |

# SETTLEMENT AGREEMENT AND STIPULATED ORDER

## I. INTRODUCTION

On July 7, 2004, Plaintiffs filed this class action on behalf of General Assistance ("GA") recipients with mental disabilities to enjoin the County of Alameda and its Social Services Agency (collectively, "the County") from discontinuing GA benefits for recipients with mental disabilities in alleged violation of the Americans with Disabilities Act ("ADA"), California Welfare and Institutions Code § 17001.5 and other laws. Defendants answered the complaint and denied liability. On January 28, 2005, following substantial discovery, Plaintiffs filed motions for preliminary injunction, class certification and leave to amend their complaint. Defendants opposed the motions for preliminary injunction and class certification, but did not oppose Plaintiffs' motion for leave to amend.

The parties now desire to resolve this matter by agreement to avoid the risks and burdens of further litigation. They have therefore entered into this Settlement Agreement and now submit it to the Court for approval. The Court has not determined whether the County has violated any law, and, by entering into this Settlement Agreement, the County does not admit that it is, or has been, in violation of any law.

On motion of all parties, and the parties consenting thereto, it is therefore ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

The Court has personal jurisdiction over the parties, federal question subject matter jurisdiction of this action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and supplemental subject matter jurisdiction over Plaintiffs' state law claims. Plaintiffs assert claims that they believe would, if proved, authorize the Court to grant the injunctive relief set forth in this agreement. Venue is proper in this District.

## III. DEFINITIONS

For purposes of this Settlement Agreement, the following definitions shall apply:

1. "The County" or "Defendants" shall mean the County of Alameda, its Board of Supervisors, its Social Services Agency ("SSA") and the SSA Director.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

2. "Mental Disability" is defined with reference to ADA, 42 U.S.C. § 12131, its regulations 28 C.F.R. § 35.104 (4)(1)(i), and California Government Code § 12926(i).

3. "Plaintiffs" shall mean Frank Santos, Dianne Qualls, and Rebecca Johnson.

4. "Parties" shall mean the County and Plaintiffs.

## IV. COMPLIANCE

The County shall adhere to the provisions of the ADA as they apply to GA applicants and recipients.

## V. GENERAL ASSISTANCE REPORTING REQUIREMENTS

The County agrees to make the following changes to its reporting requirements within nine months from the effective date of this Settlement Agreement. The parties or the Court may extend this deadline upon a showing of good cause.

### A. Conversion To Quarterly Reporting

The County will convert from a monthly to a quarterly reporting system in its GA program so that GA recipients will be required to report changes in income and/or household status to the County on a quarterly basis using the QR7 (Quarterly Reporting) report form ("QR7"). The QR7 will be due 30 days before the commencement of the new quarter.

### B. Exemptions From The Reporting Requirement

The County, as set forth in Section VI of this Agreement, will establish standards and procedures for exempting from the quarterly reporting requirements certain GA recipients. The County shall also exempt from the quarterly reporting requirements GA recipients who are 64 years and older.

### C. Notice of Proposed Action

If a recipient has failed to submit a QR7 in a timely manner, the County may issue a Notice of Proposed Action 5 days after the QR7 form is due. GA recipients will have until the first day of the new quarter to submit their QR7 without experiencing a loss of benefits. GA recipients who are not classified as exempt from the reporting requirements and who fail to submit the QR7 by the first day of the new quarter will have an additional 15 calendar days in that month to submit their QR7. If a GA recipient submits the QR7 within the specified cure

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

2

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

period, the County will restore the recipient's GA benefits and not require re-application. GA recipients will have only three opportunities to cure their failure to submit the QR7 each year. In the event that there are more than three such failures during the year, the County may discontinue the recipient's GA benefits without an opportunity to cure and the recipient must re-apply in order to receive GA benefits again.

The County shall revise its Notice of Proposed Action with regard to a failure to submit a timely, complete QR7 form so that it will explain, in a manner comprehensible to GA recipients who are not classified as exempt from the reporting requirement, (1) when GA will be discontinued if the recipient does not submit a complete QR7; (2) how the GA recipient may avoid an interruption in benefits by submitting the complete QR7 before the first day of the following month; (3) how the recipient may have the GA benefits restored without re-applying by submitting the complete QR7 within fifteen days into the following month, but that only three such opportunities are available in any calendar year; (4) that the recipient may show good cause to excuse non-compliance with the requirement to timely submit the QR7 form; and (5) what constitutes good cause, willfulness and negligence, consistent with the requirements of Welfare and Institutions Code § 17001.5.

### D.     Good Cause Considerations

The County shall provide recipients who allegedly fail to submit their QR7 in a timely manner an opportunity to show good cause for their failure consistent with the requirements in Welfare & Institutions Code § 17001.5 by contacting their respective eligibility worker or employment counselor. If good cause exists for the recipient's failure to submit the QR7 in a timely manner, the County will not track the failure to submit the QR7 as a negligent act and will rescind the Notice of Proposed Action and restore the recipient's GA benefits.

If a GA recipient's non-compliance with QR7 reporting requirement is negligent, the County will rescind the Notice of Proposed Action and restore the recipient's GA benefits; aid will continue unless it is the recipient's third negligent act of failing to comply with program requirements.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

---

*Santos v. County of Alameda*, Case No.: C04-02725
**Settlement Agreement and Stipulated Order**

3

1   If the County determines that the recipient's GA benefits will be discontinued or result in
2   a sanction due to a willful failure or the third negligent failure to comply with program
3   requirements, the recipient will have a right to notice of the proposed discontinuance or sanction
4   and a hearing and aid-paid-pending, if applicable, as provided for in County GA regulations § 9-
5   5. When a recipient is accused of three negligent acts of failing to comply with program
6   requirements, the recipient may challenge at the hearing the determination of negligence as to
7   any and all of these three negligent acts.

8   The County shall adopt and implement good cause standards and procedures as well as
9   guidelines to direct its staff in making appropriate good cause determinations and distinguishing
10  between willful and negligent acts of non-compliance.

## VI. MODIFICATION OF IDENTIFICATION AND ACCOMMODATION SYSTEM

The County shall modify its policies and procedures regarding the identification and accommodation of persons with mental disabilities. This modification shall include changes to the County's standards and procedures for (1) identifying applicants and recipients with mental disabilities and (2) providing reasonable accommodations to applicants and recipients with mental disabilities. The County shall complete its modification of the GA identification and accommodation system within nine months after the Court's approval of this Settlement Agreement unless, upon a showing of good cause, the Court or the parties extend the deadline.

### 1. Selection of a Joint Expert

The parties have agreed to retain Susan Mizner as their Joint Expert to evaluate the County's current system for identifying GA applicants and recipients with mental disabilities and providing them with reasonable accommodations, such as exempting certain GA recipients from the GA reporting requirement.

### 2. Joint Expert's Evaluation, Report and Recommendations

The parties shall meet with the Joint Expert before she begins her evaluation and periodically thereafter and, in conjunction with the Joint Expert, identify specific policies and practices that are to be evaluated. The parties shall cooperate with the Joint Expert in her evaluation of the County's policies and procedures and the County shall provide her with

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

*Santos v. County of Alameda*, Case No.: C04-02725
**Settlement Agreement and Stipulated Order**

4

unrestricted access to its records subject to appropriate conditions for confidentiality. After evaluating the County's system, the Joint Expert shall issue a report with findings and recommendations ("report") explaining how the County can improve its system for identifying and accommodating GA applicants and recipients with mental disabilities. The Joint Expert's report will be due on December 16, 2005.

### 3. Implementation of Joint Expert Recommendations

Within 30 days after issuance of the Joint Expert's report, the County shall submit to the Joint Expert and Plaintiffs a written response to the Joint Expert's report stating (1) its areas of agreement or disagreement with any finding, (2) a discussion of its plans to adopt and implement any of the recommendations, and (3) a proposal for an alternative course of action should the County object to the implementation of any recommendation. Within 30 days after receiving the County's response, Plaintiffs shall submit to the County and the Joint Expert a written reply to the County's response, including any disagreement Plaintiffs may have with the Joint Expert's report and alternative recommendations, if any. Within 15 days thereafter, the parties shall meet with the Joint Expert in an attempt to resolve their differences and, if they are unable to do so, either party may seek relief as provided in Section IX.C of this Settlement Agreement.

## VII. INTERIM PROCEDURE

Until the County has adopted and sufficiently implemented appropriate policies and procedures to identify and make reasonable accommodations for all GA applicants and recipients with mental disabilities, the County shall adopt and implement the following interim procedures to protect against improper discontinuances due to mental disabilities for alleged noncompliance with the reporting requirement.

Upon the effective date of this agreement the County will promptly implement (1) the 15-day cure period described in Section V.C., and (2) the exemption described in Section V.B. for all GA recipients aged 64 and older. During the interim period, the County will perform a review of circumstances surrounding the discontinuance of that category of GA recipients classified as "unemployable" who fail to comply with the monthly reporting requirement and cure their non-compliance. The County will determine whether any mental disability-related

factors may have adversely affected the recipient's ability to submit the monthly report, cure, or defend against an allegation of non-compliance. If it is likely the recipient's non-compliance with the reporting requirement was mental disability-related, the County will rescind the discontinuance of a recipient's benefits if the recipient's non-compliance with the reporting requirement is determined by the County to have been mental disability-related. If the County determines that the recipient has a mental disability which adversely affects his/her ability to submit the monthly report, cure, or to represent him or herself in an administrative hearing, the County shall provide the recipient with a reasonable accommodation. The County will incorporate into this process a third party extern, under the auspices of Judge Maria-Elena James. This third party will participate in the review and the SSA will consider any recommendations that the third party makes with respect to a recipient's status.

Beginning six months after the effective date of the Settlement Agreement and for each six months thereafter pending implementation of the interim procedure, the County shall collect and provide to counsel for Plaintiffs data showing the number of GA recipients (a) whose files were reviewed pursuant to the interim procedure, (b) whose GA benefits were not discontinued as a result of the interim procedure, and (c) who received an accommodation as a result of the interim procedure.

**VIII. REPORTING**

Beginning six months after the effective date of this Settlement Agreement and for each year thereafter during the Court's continuing jurisdiction, the County shall provide the information listed below to counsel for Plaintiffs.

A.  **Data**

Data which will be collected quarterly showing the number of GA recipients (a) who applied for GA, (b) who were approved for GA, (c) who were identified as having a mental disability, (d) who were provided with an accommodation by the County, including the type of accommodation, (e) who were classified as exempt, (f) who were discontinued from GA benefits and for what type of violation, (g) who cured their alleged non-compliance with the reporting

*Santos v. County of Alameda*, Case No.: C04-02725
**Settlement Agreement and Stipulated Order**

6

requirement, (h) who did not cure their alleged non-compliance with the reporting requirement, and (i) who are receiving GA according to the County's most recent count of GA recipients.

### B. Interviews

Interviews with the GA official(s) who are most knowledge regarding (a) discontinuances for non-compliance with the reporting requirement, (b) the County's system for identifying applicants and recipients with mental disabilities, and (c) the County's system for providing reasonable accommodations to recipients with mental disabilities.

### C. Additional Information

The parties shall, in consultation with the Joint Expert, develop additional reporting requirements and procedures for providing additional information to counsel for Plaintiffs, unless the Joint Expert determines that no additional reporting information is needed.

## IX. EFFECTIVE DATE, DURATION AND ENFORCEMENT

### A. Effective Date and Continuing Jurisdiction

The effective date of this Settlement Agreement is the date on which the Court grants its approval of the Settlement Agreement. The Court's jurisdiction over this Settlement Agreement shall continue for two years from the date that the County implements its quarterly reporting system as required by Section V.A. After that time period, this action shall be dismissed with prejudice as to the named Plaintiffs only. If the County has failed to comply with the terms and conditions of the Settlement Agreement, Plaintiffs may request, and the Court may grant, a continuation of its jurisdiction for a period sufficient to remedy the alleged non-compliance.

### B. Enforcement

The Court shall retain jurisdiction for the period outlined above for the purpose of enforcing this Agreement. Named Plaintiffs or any Alameda County GA recipient represented by Plaintiffs' Counsel may enforce this Settlement Agreement.

### C. Dispute Resolution Process

Only during the term of this Court's jurisdiction, the parties agree to meet and confer for a period of up to 30 days to attempt to resolve any disputes that arise under this Settlement Agreement, including but not limited to disputes concerning the County's modification of its

---

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

7

1  policies and procedures for identification and accommodation, its interim procedure pending the
2  modification, and the form and content of its notice of action. If the parties cannot resolve their
3  dispute through the meet and confer process, either party may file a motion and may have
4  reasonable discovery limited to the issues of the motion. The discovery rights will not be limited
5  due to the absence of class certification.

## X. MISCELLANEOUS PROVISIONS

### A. Entire Agreement

This Settlement Agreement contains the entire agreement between the parties regarding the General Assistance reporting requirement. No modifications or limits will be binding on the parties unless expressly provided for in this Agreement or made by writing signed by all parties. This Agreement expresses the complete and final understanding with respect to the subject matter of this Agreement. The parties hereto understand and agree that the terms of this Agreement supersede any prior discussions, understandings, or agreements between them related to the subject matter hereof.

### B. Counterparts

This Agreement may be executed in counterparts, each of which will be considered an original, but all of which, when taken together, will constitute one and the same instrument.

### C. Severability

In the event any portion of this Agreement is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Agreement will be enforced and will remain in full force and effect.

### D. Interpretation

The language of this Agreement will be construed as a whole according to its fair meaning and not strictly for or against any of the parties. The headings in this Agreement are solely for convenience and will not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural. This Agreement is the product of negotiation and joint drafting so that any ambiguity will not be construed against any party.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

## XI. ATTORNEYS' FEES, COSTS AND EXPENSES

The resolution of Plaintiffs' claims for attorneys' fees, costs and expenses remains under the jurisdiction of the Court. The parties agree to meet and confer to attempt to settle all claims for attorneys' fees, costs and expenses for any work performed by Plaintiffs' counsel and their firms in connection with this litigation up until the date this Agreement is approved by the Court. If the parties are unable to reach an agreement within 90 days from the effective date of this agreement, Plaintiffs may file a motion with the Court for an award of reasonable attorneys' fees, costs and expenses.

## XII. BROU SETTLEMENT AGREEMENT

Within 60 days after the effective date of this Settlement Agreement, Counsel for Plaintiffs in *Brou* shall file a dismissal without prejudice of the *Brou* lawsuit. However, until such time as the County modifies its identification and accommodation system following the findings and recommendations of the Joint Expert as set forth in Section VI of this Settlement Agreement, the County shall continue to carry out the terms and conditions set forth in the following sections of its Settlement Agreement filed in *Brou et. Al. v. County of Alameda et. Al*, No. C-96-3206 CRB (N.D. Cal. 1998) (referred to herein as "Brou"):

- Section E entitled "Identification and Assessment of Disabilities" excluding subsections c and d in Section E.3;
- Section F, entitled "Modification of the Sanction Process," excluding subsection 3;
- Section G, entitled "Reasonable Accommodation Policy," excluding subsection 2.

Once the ADA claims in this lawsuit have been resolved, the settlement agreement in *Brou* shall be superseded.

DATED: 9/1/0̄5̄, 2005          _____
                                Frank Santos


DATED: 9/12/05, 2005           _____
                                Diane Qualls

---

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

9

DATED: _____, 2005

*Rebecca Johnson* (signature)
Rebecca Johnson

DATED: _____, 2005

Sid Wolinsky
Kevin Knestrick
DISABILITY RIGHTS ADVOCATES

Stephen Ronfeldt
THE PUBLIC INTEREST LAW PROJECT

Robert D. Newman
Richard A. Rothschild
WESTERN CENTER ON LAW AND POVERTY

Maria Foscarinis
Rebecca Troth
NATIONAL LAW CENTER ON
HOMELESSNESS & POVERTY

By: _____
Attorneys for Plaintiffs

DATED: _____, 2005

Richard E. Winnie
Donna R. Ziegler
Jason F. Lauren
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

By: _____
Attorneys for Defendant

APPROVED AND SO ORDERED:

DATED: _____, 2005

_____
The Honorable Joseph C. Spero
UNITED STATES DISTRICT COURT JUDGE

\\Server\cases\Santos.AlamedaFood\Settlement\Settlement Agreement\Settle.Agreement8.16.doc

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

10

DATED: _____, 2005

Rebecca Johnson

DATED: 9/1, 2005

Sid Wolinsky
Kevin Knestrick
DISABILITY RIGHTS ADVOCATES

Stephen Ronfeldt
THE PUBLIC INTEREST LAW PROJECT

Robert D. Newman
Richard A. Rothschild
WESTERN CENTER ON LAW AND POVERTY

Maria Foscarinis
Rebecca Troth
NATIONAL LAW CENTER ON
HOMELESSNESS & POVERTY

By: _[signature]_
Attorneys for Plaintiffs

DATED: 9/1, 2005

Richard E. Winnie
Donna R. Ziegler
Jason F. Lauren
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

By: _[signature]_
Attorneys for Defendant

APPROVED AND SO ORDERED:

DATED: October 5, 2005

_[signature]_
The Honorable Joseph C. Spero
UNITED STATES DISTRICT COURT JUDGE

\\Server\cases\Santos.AlamedaFood\Settlement\Settlement Agreement\Settle.Agreement8.16.doc

---

*Santos v. County of Alameda*, Case No.: C04-02725
Settlement Agreement and Stipulated Order

10

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 30
Oakland, California 94612
(510) 451-8644